IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Keith F.,[1]

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civ. No. 6:20-cv-01011-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff Keith F. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

    Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by: (1) failing to credit Plaintiff's testimony; (2) failing to properly credit the opinion of Plaintiff's treating physician; and (3) failing to credit lay witness statements. Pl.'s Br. 5–17, ECF No. 16. Because there is substantial evidence in the record to support the ALJ's findings and any errors are harmless, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

1 – OPINION AND ORDER

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for DIB and SSI on October 9, 2017, alleging disability since June 9, 2017.[2] Tr. 81, 84. His claim was denied initially and upon reconsideration. Tr. 92, 103, 116, 129. Plaintiff timely requested a hearing before an ALJ and appeared before the Honorable Katherine Weatherly on June 4, 2019. Tr. 34–62, 154. ALJ Weatherly denied Plaintiff's claim by a written decision dated July 1, 2019. Tr. 13–27. Plaintiff sought review from the Appeals Council and was denied on April 27, 2020, rendering the ALJ's decision final. Tr. 1–6. Plaintiff now seeks judicial review of the ALJ's decision.

Plaintiff was 40 years old on the date of alleged disability onset. *See* tr. 83. Plaintiff completed three years of college, including an automotive program at community college. Tr. 306. Plaintiff has worked as a janitor, home attendant, and warehouse worker. Tr. 58, 307, 323. Plaintiff alleges disability due to sciatica, chronic back pain, bulging discs, restless legs, melanoma, obesity, sleep apnea, carpal tunnel syndrome, anxiety, and depression. Tr. 305, 337, 355, 367.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (reaffirming the substantial evidence

---

[2] Plaintiff has a prior unfavorable disability determination dated June 8, 2017. Tr. 67–75. This gives rise to a presumption that Plaintiff is not disabled after that time period, unless Plaintiff can show changed circumstances. *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988). Here, the ALJ found Plaintiff "has rebutted the presumption of non-disability because he has established physical impairments not considered at the previous hearing." Tr. 13.

standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## **DISCUSSION**

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

I.  **Plaintiff's Credibility**

Plaintiff argues that the ALJ failed to identify specific, clear and convincing reasons to reject Plaintiff's subjective symptom testimony. An ALJ must consider a claimant's symptom testimony, including statements regarding pain and workplace limitations. *See* 20 CFR §§ 404.1529(a), 416.929(a). Where there is objective medical evidence in the record of an underlying impairment that could reasonably be expected to produce the pain or symptoms alleged and there is no affirmative evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony regarding the severity of her symptoms. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

The ALJ "may consider a range of factors in assessing credibility." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). These factors can include "ordinary techniques of credibility evaluation," *id.*, as well as:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Lingenfelter,* 504 F.3d at 1040.

It is proper for the ALJ to consider the objective medical evidence in making a credibility determination. 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2). However, an ALJ may not make a

negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). The Ninth Circuit has upheld negative credibility findings, however, when the claimant's statements at the hearing "do not comport with objective evidence in her medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

Here, the ALJ found that Plaintiff's statements regarding the intensity, persistence and limiting effects of his conditions were not consistent with the medical and other evidence in the record. Tr. 21. The ALJ explicitly considered Plaintiff's daily activities, his medical treatment, his compliance with the treatment plan, and whether the alleged limitations were consistent with the medical evidence. Tr. 19–21. The ALJ also assessed Plaintiff's credibility as a whole. Tr. 20–21. The ALJ discounted Plaintiff's statements regarding the limiting effects of his conditions because they were internally inconsistent as well as inconsistent with the objective medical evidence. Tr. 20–21.

Plaintiff's testimony is undermined by numerous inconsistencies. Plaintiff testified that he had not worked since his last hearing, had not applied for any jobs, and had not gone to school or done any volunteer work. Tr. 38. However, Plaintiff's tax returns showed business income of more than $8000 in 2017. Tr. 252. At the hearing, Plaintiff appeared to have no memory of this work. Tr. 40–41. The record also shows that Plaintiff was looking for work in December 2017, including scheduling interviews, and that he was in school to try to return to work in November 2018. Tr. 540, 699.

Plaintiff alleges poor memory, to the extent that he cannot remember working in 2017, but there is no objective medical evidence to show this is the case. Tr. 41. In fact, at medical visits, Plaintiff repeatedly denied memory issues. *See* tr. 719, 726, 754, 783, 800. Even when Plaintiff reported memory loss to his medical providers, he still presented with intact memory. Tr. 792. The ALJ found that "such inconsistencies in memory recall appear selective and convenient." Tr. 20.

Plaintiff's testimony was also not entirely supported by the objective evidence. Before the ALJ, Plaintiff testified that he experienced muscle spasms. Tr. 45. But there is no objective finding of spasms in the medical record. *See, e.g.*, tr. 419, 459, 473. Plaintiff testified that he used a cane that was prescribed by his doctor. Tr. 45. But Plaintiff's medical records show that he purchased the cane on his own. Tr. 781. The statement from Plaintiff's primary care provider indicates that an assistive device is not necessary. Tr. 839. Plaintiff endorsed much more severe limitations before the ALJ than he did at medical visits. The ALJ found Plaintiff's "comments made in pursuit of medical treatment more persuasive than the comments made in pursuit of disability benefits because [Plaintiff] had every incentive to give his medical provider a complete and accurate description of his medical history, including his symptoms, abilities, and limitations." Tr. 20.

The ALJ provided specific clear and convincing reasons, each supported by substantial evidence, to discount Plaintiff's subjective symptom testimony.

## II.    Opinion of Dr. John Alcott

Dr. Alcott has been Plaintiff's primary care provider since June 2015. Tr. 838. Dr. Alcott sees Plaintiff frequently, between one to three times a month. Tr. 838. Dr. Alcott opined that

Plaintiff could walk for one block without pain, could sit for 60 minutes, and could stand for ten minutes. Tr. 840. He noted that Plaintiff does not need an assistive device. Tr. 839. He opined that Plaintiff needs to be able to shift positions and would need unscheduled breaks. Tr. 840. Dr. Alcott opined that Plaintiff could lift ten pounds frequently and twenty pounds occasionally. Tr. 840–41. He further opined that Plaintiff's social interactions were limited due to anxiety and depression. Tr. 841. Finally, Dr. Alcott opined that Plaintiff would miss four days a month due to medical issues. Tr. 841.

The ALJ generally found Dr. Alcott's opinion persuasive. Tr. 24. Plaintiff argues simultaneously that the ALJ erred by crediting Dr. Alcott's opinion too much and too little. Pl.'s Br. 6–9.

An ALJ must evaluate all medical opinions and prior administrative medical findings for persuasiveness. In doing so, an ALJ must consider the following factors: (1) supportability, as shown by relevant evidence and explanation; (2) consistency with the record as a whole; (3) the relationship between the source and the claimant; (4) specialization; and (5) other factors, including the source's familiarity with other information in the record. 20 C.F.R. § 416.920c(c). Of these, supportability and consistency are the most important and must be articulated in the ALJ's decision. 20 C.F.R. § 416.920c(b)(2).

The ALJ found Dr. Alcott's opinion regarding Plaintiff's physical limitations to be consistent with and supported by the record. Tr. 24. Plaintiff argues that the ALJ should not have credited the portion of Dr. Alcott's opinion that indicated Plaintiff could work without an assistive device. Pl.'s Br. 7. As discussed above, while Plaintiff did testify that he used a cane, the medical record shows that Plaintiff purchased the cane himself and it was not prescribed. *See*

7 – OPINION AND ORDER

tr. 45, 781. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). Here, the ALJ found the statement of Plaintiff's primary care provider to be more persuasive than his own testimony.

The ALJ then found that Dr. Alcott's opinion regarding functional limitations and absenteeism and breaks were not consistent with or supported by the other evidence in the record. Tr. 24. Plaintiff argues that the ALJ should have credited this portion of Dr. Alcott's opinion. Pl.'s Br. 8–9. However, as the ALJ noted, "the evidence of record generally shows that the claimant's mental health symptoms are effectively managed with medication and minimal counseling." Tr. 24. While Plaintiff occasionally presented with mild to moderate depression and anxiety, much more often he was not depressed and denied depression and anxiety. *Compare* tr. 422, 426, 430, 540, 552, 693, 700, 708, 781, 790 *with* tr. 410, 414, 417, 527, 534, 548, 557, 562, 569, 573, 631, 717, 719, 724, 726, 732, 738, 745, 751, 754, 756, 761, 762, 798.

The ALJ addressed the supportability and consistency of Dr. Alcott's opinion and incorporated it into the RFC. The ALJ's findings here were supported by substantial evidence.

**III.   Lay witness statements**

Finally, Plaintiff argues that the ALJ failed to give germane bases for rejecting the statement of Plaintiff's girlfriend. Pl.'s Br. 15–17. Generally, "[l]ay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis*, 236 F.3d at 511 (citation omitted); *see also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000) ("[A]n ALJ . . . must give full consideration to the testimony of friends and

family members."). The ALJ's reasons for rejecting lay testimony must be germane and specific. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). An ALJ's failure to articulate such a germane reason is nonetheless harmless if the "testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony." *Molina*, 674 F.3d at 1117.

Plaintiff's girlfriend provided a statement in December 2017. Tr. 345–52. The statement generally echoes Plaintiff's own subjective symptom reports. She notes that "[Plaintiff] is unable to walk or stand consistently – he falls at seemingly random, unpredictable times." Tr. 345. She reports that Plaintiff experiences sudden dizziness and numbness in his hands, as well as swelling in his knee, ankle at foot at times. Tr. 345. Per this statement, Plaintiff helps with household chores and caring for their children as much as he is able. Tr. 345–47. The ALJ considered this statement, and only discounted it to the extent that it was inconsistent with Plaintiff's "longitudinal medical records, objective findings, work activity, and documented activity levels." Tr. 21. *Cf.* Molina, 674 F.3d at 1111 (noting that statements from "'other sources' are not entitled to the same deference" as medical opinions). To the extent the ALJ erred by failing to provide a germane basis for granting less weight to lay witness statements, such error is harmless. *See id.* at 1117 ("[T]he ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the law witness testimony.").

//

//

//

## **CONCLUSION**

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 21st day of March, 2022.

s/ Michael J. McShane<br>
Michael J. McShane<br>
United States District Judge